Argued June 4, 1970, affirmed February 18, 1971

# SCRIBNER, *Appellant, v.* EQUITABLE LIFE & CASUALTY INSURANCE COMPANY, *Respondent.*

481 P2d 76

*James A. Cox*, Portland, argued the cause for appellant. With him on the briefs were McMurry, Sherry, Nichols & Cox and Garry P. McMurry, Portland.

*Frederic P. Roehr*, Portland, argued the cause for respondent. With him on the brief were Vergeer, Samuels, Roehr & Sweek, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, SLOAN,* DENECKE, HOLMAN, HOWELL and SCHWAB, Justices.

O'CONNELL, C. J.

Plaintiff brought this action to recover disability payments and medical expenses under three insurance policies issued to him by defendant. Plaintiff appeals from a judgment n.o.v. for defendant.

The first of the three policies was issued on September 7, 1965. The other two were issued on July 12, 1966. On both occasions defendant's salesman came to plaintiff's home where he filled out the applications and collected the initial premiums. The applications were signed by plaintiff, and a copy of each application was returned to him, attached to its respective insurance policy.

In June, 1967, plaintiff was hospitalized with a severe attack of bloody diarrhea, and was diagnosed as having non-specific ulcerative colitis, a serious

---

* Sloan, J., resigned September 30, 1970.

disease involving inflammation of the large intestine. In July, 1967, he was re-hospitalized and his entire large intestine was surgically removed. The claims against the insurer are for reimbursement for the expenses of these hospitalizations.

The insurer defends on the basis that plaintiff had a long history of related medical problems which was concealed on his applications for insurance by the answer "no" to the following questions:

> "Have you ever had, or suffered from any complaint or injury listed below: or have you ever consulted a physician or practitioner, or received treatment for any complaint or injury as follows:
>
> \* \* \* \* \*
>
> "Of the digestive organs (appendicitis, ulcer of stomach, bowels, rectal disorders, typhoid, fistula, gallstones, indigestion, jaundice, liver complaint, or any disease of the pancreas). 'Yes' or 'No.' " [Answer: 'No']
>
> \* \* \* \* \*
>
> "Have you ever
>
> "a. Consulted or been treated by any physician or practitioner in the past 5 years? Give name, address, details \* \* \* \* \*
>
> "d. Been advised to have surgical operation or X-ray treatments, blood tests, X-ray, Electrocardiograph or Basal metabolism? (If so, give full details)." [Answer: 'No']

The answers to these questions were false, and they were material because defendant would not have issued the policies if the answers had been truthful. Therefore, plaintiff cannot recover unless defendant is estopped.

Plaintiff contends that he had made an adequate disclosure to the salesman. He contends that the

salesman's insertion of the incorrect answer to the questions, despite his disclosure, should be imputed to defendant and that defendant should be estopped from asserting the misrepresentation as a defense to the policy.

Defendant responds to this contention by pointing to our previous cases holding that under ORS 736.305 (1) the insured has the duty to inspect the application when it is returned to him with the policy and to inform the insurer of any misrepresentations which are contained in it.[1] We held that this duty arises irrespective of the misconduct of the insurer's agent in transmitting to the insurer false information.

In support of this contention defendant relies upon *Comer v. World Insurance Co.*, 212 Or 105, 318 P2d 916 (1957); *Reserve Life Insurance Co. v. Howell*,

---

[1] ORS 736.305 read:

"(1) Every contract of insurance shall be construed according to the terms and conditions of the policy, except where the contract is made pursuant to a written application therefor, and such written application is intended to be made a part of the insurance contract. In that case, if the company delivers a copy of such application to the assured, thereupon such application shall become a part of the insurance contract. If the application is not so delivered to the assured, it shall not be made a part of the insurance contract.

"(2) Matters stated in the application shall be deemed to be representations and not warranties."

In 1967 the legislature substantially rewrote Oregon's insurance law. ORS 736.305 (1) was partially restated in ORS 743.045. In addition, the legislature enacted ORS 743.042 (1), which reads:

"(1) All statements and descriptions in any application for an insurance policy by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy unless either:

"(a) Fraudulent; or

"(b) Material either to the acceptance of the risk, or to the hazard assumed by the insurer."

225 Or 71, 357 P2d 400 (1960), and *Martin v. Ore. Insurance Co.*, 232 Or 197, 375 P2d 75 (1962). In *Bunn v. Monarch Life Insurance Co.*, 257 Or 409, 478 P2d 363 (1970), we overruled the foregoing cases.

■ *Comer v. World Insurance Co.*, supra, having been overruled, the question of estoppel becomes an issue of fact to be decided in the same manner as other issues of fact are decided. Ordinarily the issue will be for the jury. But in this case, as in other cases, the court may rule that there is or is not an estoppel as a matter of law.

■ We are of the opinion that the evidence in the present case forces the conclusion as a matter of law that defendant should not be estopped to assert as a defense the plaintiff's false representations.

This is not a case where an applicant for insurance discloses information to the insurer's agent and the agent nevertheless inserts an incorrect answer in the application. In the present case plaintiff withheld from defendant's agent information which, if disclosed, would have clearly demanded an affirmative answer to the two questions in the application which were put to plaintiff by defendant's agent.

Plaintiff's medical history prior to responding to these questions revealed that he had had several episodes of acute diarrhea dating at least as far back as 1941. During the five-year period immediately preceding his applications, these episodes had become more severe and were frequently associated with the passage of blood. Indeed, at one point he was reported as having up to twenty bloody stools per day. Because of the severity of these episodes, he was given barium enema X-ray examinations in 1961, and again in 1963, as well as frequent sigmoidoscopic examina-

tions. During this five-year period he was examined by five different physicians, with relation to his diarrhea. His sole reference to this long and increasingly serious medical history was that he had had a "nervous bowel."

It would not be reasonable for the jury to hold that defendant was estopped by the conduct of its agent in view of plaintiff's failure to disclose the foregoing facts which we must assume would have prompted defendant's agent to answer each of the questions with a "yes" instead of a "no." The false representations being material, and there being no estoppel, the plaintiff is barred from recovery.

The judgment must, therefore, be affirmed.